Harry Joseph **PAYNE**, Appellant,

v.

Paul J. **MADIGAN**, Warden, United States Penitentiary, Alcatraz, California, Appellee.

No. 16552.

United States Court of Appeals Ninth Circuit.

Jan. 19, 1960.

Before POPE, HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

This is a habeas corpus proceeding involving Harry Joseph Payne, a federal prisoner confined in Alcatraz penitentiary. He is being held to serve twelve years under seven written judgments and commitments. These judgments and commitments expressly provide for seven consecutive sentences to be served in sequence corresponding to the numbers of the seven criminal cases.

 In his application for a writ, Payne alleged that the oral pronouncements from the bench at the time of sentencing were too indefinite, ambiguous, and equivocal to sustain the consecutive sentences as set out in the written judgments and commitments. The district court denied the application, holding that the oral pronouncements were complete and unambiguous, and that they supported the sentences as set out in the written judgments and commitments. Payne appeals, raising here the same questions which he presented in in the district court.[1]

On March 16, 1956, Payne pleaded guilty in the United States District Court, Eastern District of Tennessee, Southern Division, to all counts of six informations and one indictment alleging violations of the postal laws. The court then proceeded to impose sentences from the bench, as quoted in the margin.[2] Subsequently, but on the same day,

Harry Joseph Payne, in pro. per.

Lynn J. Gillard, U. S. Atty., John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

1. Habeas corpus, rather than a Title 28 U.S.C.A. § 2255 proceeding, is the proper remedy. See Butterfield v. Wilkinson, 9 Cir., 215 F.2d 320. If appellant is correct in his view of the law, he is entitled to release since, if the terms are to be considered concurrent rather than consecutive, he has already served the longest term imposed.

2. "The first count of indictment No. 10,676 is a charge of first uttering and publishing as well as having in possession, that is probably two different things, anyway I am just putting one year in each count, concurrent.

"No. 10,677 is breaking into a postoffice at Campaign [sic], Illinois, the second

count is stealing the money orders at the time. So, I am just putting that as two years on the first count and one year on the other, making it concurrent or making two years for that charge.

"No. 10,678 I will have to start back, 10,678 as I have it now is corrected. In that you are charged with breaking into the postoffice at Nunnelley [sic], Tennessee, secondly stealing property from the postal department, which I assume to be the same offense. And 10,678, two years on the first count, one year on the second count, concurrent. That is the way I have got that.

"Now, No. 10,679, is breaking in two different postoffices, one at Hurricane Mills and the other one at Nunnally [sic],

the court signed and there were filed seven documents entitled "Judgment and Commitment," each of which is in the form prescribed in Form 25, Appendix of Forms, Federal Rules of Criminal Procedure, 18 U.S.C.A.

The judgment and commitment in criminal case No. 10,676 commits Payne to the custody of the attorney general for imprisonment for a period of one year. The judgment and commitment in criminal case No. 10,677 commits Payne for imprisonment for a period of two years "to begin at the expiration of the sentence imposed this day in Criminal Case No. 10,676." The judgment and commitment in criminal case No. 10,-678 commits Payne for imprisonment for a period of two years "to begin at the expiration of the sentence imposed this day in Criminal Case No. 10,677." In like manner sentences of two, two, one, and two years were imposed, respectively, in criminal cases Nos. 10,679 to 10,-682, inclusive. As a part of each sentence it was provided that the same would begin at the expiration of the sentence imposed that day in the immediately preceding numbered criminal case.

Payne concedes that the seven written judgments and commitments are unambiguous and expressly state that the seven sentences aggregating twelve years shall be served in the numerical order of the separate cases. He contends, however, that these written judgments and commitments have "no probative value." It is his position that the terms of the sentences depend exclusively upon the

oral pronouncements from the bench, and that the latter are ambiguous as to the sequence of consecutive terms.

■ Rule 32(b), Federal Rules of Criminal Procedure, 18 U.S.C.A., which became effective on March 21, 1946, provides that a judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. The sentence which is set forth in such judgment, however, must have been imposed in the presence of the defendant. Rule 43, Federal Rules of Criminal Procedure. It follows that if the sentence as set forth in the judgment departs in a matter of substance from the oral pronouncement of the sentence, it is void, though subject to correction under Rule 35, Federal Rules of Criminal Procedure.

■ The order of serving consecutive sentences is a matter of substance. Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any misapprehension by those who must execute them. In keeping with this principle, it has been held necessary for the court to indicate the sequence of sentences when consecutive sentences are imposed. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309.

The district court thought that the oral pronouncement indicated with sufficient clarity that the consecutive sentences were to be served in the same sequence as the numerical order of the cases. If this is so, then the written judgment and commitments are in complete conformity with the oral sentences.

---

the same thing. I have No. 10,679 as two years on the first count, and one year on the second count concurrent.

"No. 10,680, is a one-count indictment, breaking into the postoffice at Dukedom, Weakley County, two years on that.

"No. 10,681, is from the Eastern District of Wisconsin, cashing two money orders as I get it. One year on each count, concurrent.

"And then the last No. 10,682, breaking and entering the postoffice building in the Western District of Missouri that is two years, and all the different indictments will be consecutive. Now, let's

see, that is thirteen years, is that correct?

"Gen'l Meek: I figure twelve.

"Mr. Thrasher: I figure twelve.

"Clerk: Thirteen is right.

"The Court: I figure fourteen. One as I say it was involving the same instance, I took off one.

"Did you get it, Mr. Thrasher? 10,676, one year; 10,677 two years; 10,678 two years; 10,679 two years; 10,680 two years; 10,681 is two years; 10,682 is two years, consecutive as to all cases.

"Gen'l Meek: No. 10,681, how is that?

"The Court: It is two years."

Had the oral sentences been imposed with regard to the counts of a single indictment or information, we would have no hesitancy in concurring in this determination by the district court.[3] But where, as here, the consecutive sentences pertain to six informations and an indictment, there is authority for the view that a more precise specification of the order of sentences must be indicated than is to be found in the instant oral sentences.[4]

■■ In providing that more precise specification of the order of sentences, the written judgments and commitments entered herein did not depart from the oral pronouncements. At most they resolved an ambiguity. In the oral pronouncements it was indicated that the sentences were to be served consecutively. The manner in which the pronouncements were made indicates that a sequence of sentence corresponding to the numerical order of the cases was probably intended. The written judgments and commitments, signed by the judge on the same day, confirm this inference. In our view written judgments and commitments may properly serve the function of resolving ambiguities in orally pronounced sentences.

What we have said with respect to the sequence of sentences has equal application with regard to the clarification of the total time to be served, concerning which there was some confusion at the time of sentencing. It also requires rejection of several minor points of ambiguity suggested in appellant's brief.

Affirmed.

POPE, Circuit Judge.

I concur. The appellant's argument that the written judgments have "no probative value" seems to fly in the face of Criminal Rule 32(b), which, in providing that the "judgment shall be signed by the judge and entered by the clerk" appears to provide that the "judgment of conviction" in a case of this kind is the one signed by the judge.

A statement indicating a contrary view was made in a footnote to Spriggs v. United States, 9 Cir., 225 F.2d 865, 868. Although I participated in that decision, I now think I should express my doubts of its correctness. It was pure dictum, for the order in that case was merely one denying a plea in bar. That case did not concern a "judgment of conviction" which is what Rule 32(b) is about.

---

3. United States v. Daugherty, supra; Fleish v. Swope, 9 Cir., 226 F.2d 310.

4. Puccinelli v. United States, 9 Cir., 5 F. 2d 6; United States v. Patterson, C.C., 29 F. 775.