Jerry Henry GREEN, Algie Satterwhite, James B. Hardaway, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16827.

United States Court of Appeals Ninth Circuit.

Sept. 13, 1960.

Rehearing Denied Oct. 19, 1960.

Edgar Paul, Boyko, Thomas Ludlow, Jr., Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Asst. U. S. Atty., Los Angeles, Cal., Paul Hofflund, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and BURKE, District Judge.

BURKE, District Judge.

Appellants and Leroy A. Williams were named as defendants in a six count indictment charging violation of 21 U.S.C.A. § 174. A jury found Green guilty of conspiracy as charged in count 1 and guilty of sale of narcotics as charged in counts 2, 3, 4 and 5. Green was sentenced to 20 years in prison on each count, the sentences to run concurrently. Satterwhite was found guilty of the conspiracy charge in count 1 and sale of narcotics as charged in counts 2 and 3. He was sentenced to 10 years imprisonment on each count, the sentences to run concurrently. Hardaway was acquitted on the charge of conspiracy but found guilty of sale of narcotics as charged in count 6 for which he was sentenced to 5 years imprisonment.

At the close of the government's case Williams' motion for judgment of acquittal was granted. Appellant Hardaway has failed to comply with the order of this court relating to the filing of briefs and the government has moved to dismiss his appeal pursuant to Rule 18 of this court, 28 U.S.C.A.

The opinion rendered here disposes of the appeal filed by appellants Green and Satterwhite.

The District Court had jurisdiction under 21 U.S.C.A. § 174 and 18 U.S.C. § 3231. This court has jurisdiction on appeal under 28 U.S.C. § 1291.

Initially, appellants assign as error certain statements in the government's closing argument to the effect that the defense of entrapment constituted an admission that the crime had been committed. It is apparent that this defense invited the very kind of argument made by the Assistant United States Attorney. Since the record discloses that the Court advised the jury that it was possible for the defendants to plead inconsistent defenses the claim of prejudice is rejected. The jury was frequently reminded that statements and arguments of counsel are not evidence and at the time the statement in question was made the Court informed the jury that they would be instructed as to the meaning of entrapment. Such an instruction was given and it must be presumed that it was followed by the jury. King v. United States, 9 Cir., 1960, 279 F.2d 342.

Appellants further contend that the Assistant United States Attorney was guilty of prejudicial misconduct in arguing facts outside the evidence. Particular reference is made to certain prefatory remarks regarding the modus operandi of those engaged in the illicit traffic of narcotics. Appellants contend

that counsel's elaborations induced the jury to fit the appellants' acts into the stereotype impression of narcotics peddlers. While the statements of the Assistant United States Attorney appear to have been all encompassing, we hold that they did not amount to an attempt by the attorney to testify of her own knowledge regarding some material issue upon which there was conflicting evidence; compare Taliaferro v. United States, 9 Cir., 1931, 47 F.2d 699. Counsel are permitted to argue all reasonable inferences that can be drawn from the evidence adduced and the record here contains evidence of the type of dealings described by government counsel to the jury. In response to objection by counsel for the defense the Court reminded the jury that statements of counsel are not evidence in the case. No motion to strike or further objections to the remarks of the Assistant United States Attorney were made. Error, if any, was cured by repeated admonitions and the instructions of the Court.

■ Error is asserted regarding certain comments by the Assistant United States Attorney which allegedly refer to the failure of defendant Green to take the stand. The record shows that the remarks in question in effect concerned one "Dopey" Davis who was the initial contact man through whom the informer Cook encountered appellants. It appears that Davis was in Court pursuant to a government subpoena and although available to testify was not called by either side. There is no presumption that his testimony would have been unfavorable to the government. Zammar v. United States, 8 Cir., 1954, 217 F.2d 223, and authorities to the contrary are not applicable under the circumstances. Defense counsel had commented on Davis' failure to take the stand and the remarks assigned as error appear to be in rebuttal of those statements rather than an oblique allusion to Green's failure to testify in his own behalf. The inference claimed by appellants is not supported by the record.

■■ Appellants maintain that the government sought to prove possession of the narcotics solely on circumstantial evidence which was not inconsistent with all reasonable hypothesis of innocence. It is well established law that proof of possession of narcotics may be shown by circumstantial evidence only. Covarrubias v. United States, 9 Cir., 1959, 272 F.2d 352; Johnson v. United States, 9 Cir., 1959, 270 F.2d 721; Henry v. United States, 9 Cir., 1954, 215 F.2d 639. The trial judge gave correct instructions on direct and circumstantial evidence. Whether the evidence adduced was not inconsistent with all reasonable hypothesis of innocence was a factual question for the jury whose determination will not be disturbed on appeal.

■ Similarly, there is no merit in the argument that the evidence failed to support the finding that appellants had possession of the narcotics in question. Possession may be actual or constructive, and constructive possession, as indicated in the Johnson case, supra, suffices to sustain a conviction. The instruction of the trial judge on possession, objected to by defense counsel, was the standard instruction which this Court expressly approved of in Johnson v. United States, supra. In view of our holding to follow, we will not deal with appellants' argument that Green and Satterwhite could not have had simultaneous possession of the narcotics allegedly sold.

■ The contention that illegal importation was not proven is without merit since a rebuttable presumption to that effect exists. Pon Wing Quong v. United States, 9 Cir., 1940, 111 F.2d 751; Parmagini v. United States, 9 Cir., 1930, 42 F.2d 721, certiorari denied 283 U.S. 818, 51 S.Ct. 344, 75 L.Ed. 1434.

■ Appellants seek reversal of the judgment of conviction assigning as error certain instructions given by the trial judge to the jury. The objection to the instruction regarding circumstantial evidence has been considered. We do not accept appellants' argument that the trial judge should have given certain instruc-

tions sua sponte. It has been the holding of this Court that mere technical errors in instructions, not affecting the substantial rights of the parties, are insufficient to set aside a conviction unless a constitutional right is infringed. Ryan v. United States, 9 Cir., 1960, 278 F.2d 836. Since we find no plain error in the instructions given, the matter will not be considered on appeal, Rules 30 and 52 (b) Fed.R.Crim.P., 18 U.S.C.A.; Formhals v. United States, 9 Cir., 1960, 278 F.2d 43.

■ It is also maintained that the conviction was not supported by the evidence since appellants were charged with selling narcotics to persons other than those whom the government proved to have been the purchasers. Appellants claim that in fact all sales were made to the informer Bennet V. Cook, and that the evidence is at variance with the indictment which charged sales to certain named government agents. Appellee urges that evaluation of the evidence in the light most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Leonard v. United States, 9 Cir., 1960, 278 F.2d 418, requires a finding that both appellants knew that Cook was acting merely as a middle man in the transactions charged in counts 2 through 5. It is contended that the true identity of the buyers is of minor importance in view of the surrounding facts and that appellants' defense would not have been any different had the indictment charged sales to Cook.

■ The respective merits of the above arguments need not be considered because the conspiracy count, on which both appellants were convicted, made no mention of the name of any buyer. Since the sentences imposed on the other counts (charging sale of narcotics) run concurrently with count 1 (conspiracy) and since the aggregate does not exceed the maximum penalty assessable under count 1, it is not necessary to inquire as to the sufficiency of the evidence under counts 2 through 5. Lawn v. United States, 1958, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed. 2d 321; Sinclair v. United States, 1929, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692; United States v. Cephas, 7 Cir., 1959, 263 F.2d 518.

The judgments of conviction are affirmed.