**James H. NICHOLSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17624.**

United States Court of Appeals
Ninth Circuit.

May 15, 1962.

Walter M. Campbell, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, U. S. Atty., Chief Crim., Div., Robert E. Hinerfeld, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, BARNES and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

Appellant, President of the Bank of Belmont Shore, located in Long Beach, California, was convicted on twenty-six counts of an original sixty-three count indictment of embezzlement, misapplication of bank funds, false entries and deceiving bank examiners. He was acquit-

ted on one count. Of those of which he was convicted, one was a charge of conspiracy (18 U.S.C. § 371); the balance substantive counts relating to embezzlement or misapplication of funds (18 U.S.C. § 656), and false entries (18 U.S.C. §§ 2, 1005).

Subsequent to the jury's verdict, the following occurred:

## I

On May 9, 1960, defendant was sentenced to pay a $1,000 fine on each count, or a total of $26,000. At the time of sentence, no reference was made directly by the trial court that defendant should be imprisoned until the fine was paid. There had been a statement made by the judge, just before (or during) the sentencing, from which it could be inferred that it was the trial judge's intention to commit the defendant until his fine was paid.[1]

After oral sentence is imposed in any case, the Federal Rules of Criminal Procedure require the judge to sign, and the clerk to enter, the judgment.

"A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence." (Fed.R.Crim.P. 32, 18 U.S.C.A.)

## II

*On May 9, 1960,* after the oral sentencing as aforesaid, the clerk prepared a judgment for the judge to sign. As prepared, it contained, in addition to the material portions of the sentence meted out and mention of the total fine, the following: "* * * the defendant to

stand committed until the total fine of $26,000 is paid."

The clerk called the attention of the trial judge to the language last hereinabove quoted before the judge signed the "Judgment and Commitment," and advised the judge that the written judgment "did not follow the oral order" made in court. The trial judge characterized his failure to commit the defendant in open court as "an oversight"; that he had "intimated" at time of sentencing that defendant Nicholson "would stand committed until the total fine was paid," but "did not say it."

The judgment of conviction, nevertheless, was signed by the trial judge and filed and entered by the clerk on said May 9, 1960. The trial judge had in open court also granted defendant a ninety-day stay of execution for the payment of said fine.

## III

*On June 20, 1960,* the trial judge on his own motion called defendant and all counsel back to court. He outlined what he had happened on the 9th day of May 1960, at the time he signed the judgment.

The trial judge advised those present that the purpose of calling them back was "to make a correction that I think ought to be made under Rule 36." Rule 36 of the Federal Rules of Criminal Procedure provides as follows:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time

---

1. "The financial report of Mr. Nicholson contained in the probation report shows he has assets of about—shows that his wife has assets of about $437,000 and liabilities of $79,000. The record also shows that he has transferred all of his assets to the name of his wife. Well, I suppose he did that in order to protect his assets.

   "According to this report Mr. Nicholson doesn't have anything, all the property belongs to the wife.

"Nevertheless, I feel that a substantial fine should be assessed against Mr. Nicholson and that if the wife wants to keep him out of a federal institution, she can make some arrangements to liquidate some of the assets and pay the fine. I notice according to the assets that he has a house valued at $75,000, furnishings at $15,000, which makes $90,000 for a place in which to live." (R. p. 34.)

and after such notice, if any, as the court orders."

The failure of the trial court to orally order the commitment, at the time of sentence, the court stated, "is an error arising out of an oversight and omission."

Defendant's counsel then took the position that any change in "the sentence" was beyond the power of the court—that it could "reduce" but not "increase" the sentence.

After a lengthy discussion with counsel, the court decided to "let the record stand as it is. We won't make any change in it."

## IV

*On August 22, 1961,* Nicholson filed a motion. It was entitled: "To Correct an Illegal Sentence." It was made pursuant to Rule 35,[2] Federal Rules of Criminal Procedure, not under Rule 36— "Clerical Mistakes in Judgments".[3]

The motion asked, not that the sentence be corrected, but that the judgment be corrected "by eliminating therefrom that portion of said judgment requiring that the defendant stand committed until the payment of the fine therein levied."

In the supporting points and authorities, the commitment in the judgment was referred to as having been placed therein "by clerical error." It obviously was not.

This motion was heard and denied on August 29, 1961, and a "stay of judgment" granted pending this appeal.

## V

*On August 29, 1961,* a notice of appeal was filed. This notice stated (Para. IV) under the heading "Order appealed from," as follows:

"Order made August 29, 1961, denying Appellant's Motion to Correct Illegal Sentence herein by striking from said sentence, *as amended on June 20, 1960,* the words 'to stand committed until the total fine is paid.' " (Emphasis added.)

The notice of appeal then states:

"The Appellant herein does hereby appeal from the Order of the District Court denying his Motion to correct the sentence herein in that the sentence, as originally pronounced by the Court on May 9, 1960, was for the payment of a fine only and, thereafter, on or about June 20, 1960, the said Court enlarged judgment as originally pronounced by ordering the defendant to be committed until said fine was paid."

Thus throughout the papers on appeal confusion exists between the "sentence" and the "judgment" (or the "judgment and commitment"). The sentence was *not* amended on June 20, 1960, as counsel stated in his notice of appeal. There was no amendment of anything on that day, according to the record before us. There was the order made August 29, 1961, denying a motion made by appellant *entitled* to correct an illegal sentence, which *sought* to delete language from a judgment. It was denominated a motion to correct an illegal sentence (proper to be done under Rule 35), but was in reality a motion to correct the unamended judgment. There had been no clerical mistake in said judgment. There was at most an error in the record not arising through a clerical mistake, but "arising from an oversight or omission." But this was, *at best,* an oversight or omission in the *sentence,* not in the judgment. And such error or omission in the *sentence* can only be corrected under Rule 35, and only if the sentence was illegal. Other than the titling of the motion, no such charge is here presented. In fact, the moving party seeks to maintain the sentence as orally pronounced, without correction, and

2. "The court may correct an illegal sentence at any time."

3. Rule 36 is quoted, supra, in text of this opinion.

without the slightest question raised as to its legality.

Appellant's motion, therefore, seeks to accomplish under a rule applying to illegal sentences a change in a judgment not signed by mistake of a trial judge, and not entered through the mistake of any clerk. That motion below was properly denied, and we dismiss this appeal from the court's order denying it.

Appellant relies entirely in his opening brief on the Fifth and Sixth Amendments, Rules 35 and 36 of the Federal Rules of Criminal Procedure, and three cases: Frankel v. United States, 6 Cir. 1942, 131 F.2d 756; Hill v. United States ex rel. Wampler, 1936, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283; and Payne v. Madigan, 9 Cir. 1960, 274 F.2d 702. In his reply brief, he differentiates Payne v. Madigan, supra, and Young v. United States, 8 Cir. 1960, 274 F.2d 698 (relied on by the government) and relies exclusively on Hill v. United States ex rel. Wampler, supra.

In the Hill case, it was the clerk, not the trial judge of the court below who added the words requiring "commitment until payment of fines."

"The choice of pains and penalties," said Mr. Justice Cardozo, "when choice is committed to the discretion of the court, is part of the judicial function. * * * It must have expression in the sentence, and the sentence is the judgment. * * * The only sentence known to the law is the sentence or judgment entered upon the records of the court." (Hill v. United States ex rel. Wampler, supra, at 464, 56 S.Ct. at 762.) In Hill, the commitment varied from the sentence spread upon the record, and orally pronounced. "A warrant of commitment departing in matter of substance from the judgment back of it is void." That is as far as the Hill case goes, and with that we fully agree.

But here, the government urges, the judgment attacked conforms substantially to the implied oral sentence, if not to the oral sentence's precise language.

In Young v. United States, supra, 274 F.2d at 700 the court said:

"While the language of the judgment and commitment thus was more detailed and precise than that of the pronouncement, it nevertheless was, as the trial court held, without any departure, except in its form, from the plain indication of intent, significance and operativeness reflected by the pronouncement in its whole."

We might well hold these words applicable to the facts of this case, particularly in the case of appellant Nicholson.

Furthermore, we heretofore have held in Payne v. Madigan, supra, that even if we were to find that "the sentence as set forth in the judgment departs in a matter of substance from the oral pronouncement of sentence, it is void, though subject to correction under Rule 35, Federal Rules of Criminal Procedure." (274 F.2d at 704.) Such correction could be here made, provided it were made in the presence of the defendant. "At most [it] resolved an ambiguity." (Id. at 705.) And compare Daugherty v. United States, 8 Cir. 1925, 2 F.2d 691, with United States v. Daugherty, 269 U.S. 360, 45 S.Ct. 156, 70 L.Ed. 309; and Cf: Rule 32(b), Fed.R.Crim.P.

But we need not decide with any finality what may be done to correct the legal problem presented. We are convinced the trial court committed no error in denying appellant's motion heard below on August 29, 1961, and the appeal thereform is therefore dismissed.

ORR, Circuit Judge, concurring.

I concur in the result.