**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry Joseph PAYNE, Defendant-
Appellant.**

**No. 14754.**

United States Court of Appeals
Sixth Circuit.

June 8, 1962.

L. A. Obenshain, Cincinnati, Ohio (Harry Joseph Payne, pro se, on the brief), for appellant.

John H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief, for appellee.

Before McALLISTER and WEICK, Circuit Judges and BOYD, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court denying appellant's motion to vacate sentence.

On March 16, 1956 appellant, who was represented by counsel, entered pleas of guilty to all counts in six informations and one indictment which charged him with violation of the postal laws. He was sentenced in each case and, by making the sentences consecutive, the total time imposed was twelve years which he is now serving in Alcatraz.

He filed an application for a writ of habeas corpus in the District Court for the Northern District of California claiming that the sentences imposed on him in open court were ambiguous, indefinite and equivocal and not sufficient to sustain the consecutive sentences set out in the written judgments and commitments.

The District Court by written opinion denied issuance of the writ of habeas corpus which was affirmed by the Court of Appeals for the Ninth Circuit. Payne v. Madigan, 274 F.2d 702. The Supreme Court affirmed by a divided court in a per curiam opinion. 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853.

The same questions, which were previously litigated adversely to appellant, are raised again in the present case.

We see no reason why we should depart from the previous decisions. We think it was clear when the oral sentences were pronounced in open court in

the presence of appellant and his attorney that appellant was being sentenced to a total of twelve years in prison. The record shows that his attorney so understood the sentences and there is no question but that the judgments and commitments so provide.

The judgment of the District Court is affirmed.