**Theodore Richard BYRD, Jr., Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 8000.**

United States Court of Appeals
Tenth Circuit.

April 26, 1965.

Rehearing Denied June 7, 1965.

Robert A. Schiff, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and DOYLE, District Judge.

PER CURIAM.

Appellant is imprisoned under sentence imposed by the United States District Court for the Western District of Oklahoma on his plea of guilty to both counts of a two count indictment charging him with violations of 18 U.S.C.A. § 2314 (interstate transportation of forged securities). By motion filed under Rule 35 of the Federal Rules of Criminal Procedure, the appellant urges that the sentencing court erred in the following respects:

(a) There is material variance between the oral pronouncement of sentence made in open court and the written sentence of judgment and commitment.

(b) The sentence to consecutive terms of ten years each on the two counts of the indictment is invalid for the reason that only one offense was involved.

(c) The appellant was deprived of his right of allocution as provided in Rule 32(a) of the Federal Rules of Criminal Procedure.

The court below found the motion without merit and denied relief without a hearing.

The record shows that at the time of sentencing and following a rather extended colloquy between the court and the appellant and his counsel, the court orally pronounced sentence as follows:

"It is going to be the judgment of the Court, Theodore Richard Byrd, Jr., that you be sentenced to the custody of the Attorney General of the United States on Case No. 16,620, that is the case here at Oklahoma City, for a term of ten years on the first count, and on the second count for a term of ten years, and that they run consecutively."

Subsequently, but on the same day, a written order of Judgment and Commitment was entered by the District Judge which provides in part as follows:

"It is adjudged that the defendant has been convicted upon his plea of guilty to each two counts of the indictment of the offenses of violation of Section 2314, Title 18, USCA (Transporting forged security in ICC) as charged in each 2 counts of the indictment and the court having asked the defendant whether he has anything to say why the judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"It is adjudged that the defendant is guilty as charged and convicted.

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ten (10) years from date of delivery on the first count of the indictment, and ten (10) years from the expiration of service of sentence on the first count on the second count of the indictment, or until defendant is otherwise discharged as provided by law.

"It is adjudged that said sentences of confinement on the first and second counts of the indictment shall run consecutively."

The appellant contends that the written judgment and commitment is at variance from the oral pronouncements of sentence in several material respects:

(a) The oral sentence merely places the defendant in "custody of the Attorney General of the United States," while the written document sentences him "to the custody of the Attorney General or his authorized representative for imprisonment."

(b) The oral sentence provides for no order of consecutiveness, while the written sentence provides for ten years on the first count and ten years, from the expiration of sentence on the first count, on the second count.

(c) The written judgment and commitment states that the defendant was asked by the court whether he had anything to say why judgment should not be pronounced, while the record clearly shows the defendant was not asked such question.

■ Considering the record as a whole, there appears no ambiguity in either the oral or the written sentence. Perhaps the written sentence is more clearly and precisely worded; however, it does not expand or depart from the message conveyed by the judge in his oral pronouncement. Words and phrases are subject to different interpretations, and the elimination of every conceivable doubt is therefore not essential to the validity of a sentence. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Scarponi v. United States, 313 F.2d 950 (10th Cir.); Clay v. United States, 303 F.2d 301 (10th Cir.), cert. den. 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed. 2d 132; Smith v. United States, 177 F.2d 434 (10th Cir.). The written sentence in this case merely confirms the inferences to be clearly drawn from the orally pronounced sentence. Both provide for a "term." Written judgments and commitments may properly be used to resolve ambiguities in orally pronounced sentences. Payne v. Madigan, 274 F.2d 702 (9th Cir.), aff'd. by equally divided Court 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d

853, rehearing den. 368 U.S. 871, 82 S.Ct. 22, 7 L.Ed.2d 72. That the written order of judgment and commitment in this case reflects the intent of the trial judge is reinforced by the fact that the written order was signed on the same day that sentence was pronounced orally. Payne v. Madigan, supra.

Since we find no ambiguity in either the oral or the written sentence, we do not reach the issue of which sentence, the oral or the written, when inconsistent, is the effective sentence.

■ The appellant next contends that his sentence to consecutive ten year terms on the two counts of the indictment is invalid for the reason that in contemplation of the law only one offense was involved. The appellant was charged with transportation of forged securities in interstate commerce. The indictment clearly shows that although the acts charged in the two counts are alleged to have occurred on the same date and from Oklahoma City, the destination points were widely divergent, one being New York City and the other Kansas City, Missouri. These allegations of divergent destination points are sufficient to support separate charges. The case of Castle v. United States, 287 F.2d 657 (5th Cir.), vacated 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed. 2d 75, relied upon by the appellant, is inapplicable since that case involved five counts based on five money orders transported together in interstate commerce.

Finally, the appellant contends that he was deprived of his right of allocution. The record shows that although the appellant was not specifically invited to make a statement on his own behalf, and to present any information in mitigation of punishment in accord with the formal requirements of Rule 32(a), he did appear with counsel who made an extended plea on his behalf and the appellant himself spoke several times in response to questions propounded by the court.

[5] Relief by collateral attack based on an alleged denial of the right of allocution has been tightly circumscribed by the Supreme Court. As stated in Hill v.

United States, 368 U.S. 424, 82 S.Ct. 468, 471, 7 LEd.2d 417:

"The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure."

■■ The narrow function of Rule 35 is only to correct a sentence which is illegal. It is not concerned with errors occurring at trial or other proceedings prior to imposition of sentence. In this case the sentence itself was not illegal. Where, as in this case, the sentence is not illegal in some respect, the denial of the right of allocution is not properly cognizable under a Rule 35 motion. Hill v. United States, supra.

■ The appellant suggests that although his motion is denominated as one brought under Rule 35, we may consider it as a motion under 28 U.S.CA. § 2255. Even so, relief must be denied under the circumstances of this case. Since no aggravated circumstances appear, the following quotation from Hill v. United States, supra, is sufficient answer:

"It is to be noted that we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. Nor is it suggested that in imposing the sentence the District Judge was either misinformed or uninformed as to any relevant circumstances. Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak. Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we there-

fore do not consider. We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule."

See also Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670.

Affirmed.