Jerry Henry GREEN, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 71-37.

United States District Court,
C. D. California.

Feb. 22, 1971.

Jerry Henry Green, in pro per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Criminal Division, John M. Newman, Jr., Asst. U. S. Atty., Los Angeles, Cal. for Government's "Opposition to Motion for Relief * * *".

### ORDER DENYING MOTION
### (28 U.S.C. § 2255)

WESTOVER, District Judge.

Before the court for disposition is the third proceeding under Title 28, § 2255, United States Code, presented by Jerry Henry Green (hereinafter Green). The first such motion was assigned No. 62–1242–HW. The motion was denied. Appeal in forma pauperis was denied by the United States Court of Appeals on January 9, 1963—MISC. 1584. The second § 2255 filing was designated by Green as "Attacking a Sentence Imposed by That Court"—No. 64–218–HW. On February 28, 1964 an Order Denying Petition to Vacate Judgment and Sentence was filed, and on March 9, 1964 Green's motion for rehearing and to vacate the order of February 28, 1964 was denied. Motion to appeal in forma pauperis was denied on March 24, 1964.

In the current § 2255 filing Green attempts to assert an alleged fatal vari-

ance between the sentence as announced orally by the Court from the Bench and the sentence as prepared in writing by the court clerk and signed by the Court on the same date as the oral pronouncement. The Government filed its Opposition to Green's latest motion on February 2, 1971.[1]

■ As the assertion of alleged variance was not raised by Green in either of his two prior § 2255 pleadings nor mentioned on appeal, although Green was most ably represented at trial and at sentence by Attorney Morris Lavine and on appeal by Attorney Edgar Boyko, it would appear that dismissal of the current motion would be proper without further consideration, pursuant to Hammond v. United States, 408 F.2d 481, decided March 9, 1969 by the United States Court of Appeals for the Ninth Circuit, in which Honorable William M. Byrne, United States Senior District Judge, sitting by designation, said at page 483:

"* * *. Section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction. [Citations]; or stated another way, grounds which were apparent when appellant appealed from his conviction cannot, thereafter, be made the basis for an attack on a motion to set aside judgment and sentence. Medrano v. United States, 315 F.2d 361 (CA 9) cert. den. 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81."

Green was sentenced in 1959; his conviction was affirmed on appeal in 1960 —Green v. United States, 9 Cir., 282 F. 2d 388. Having served ten years of his twenty-year sentence, he now asserts that his sentence was imposed by the court at five years because of an alleged fatal variance between what the judge stated from the Bench and what the clerk typed as the final judgment of commitment. Were this allegation correct, certainly it was a ground which

was apparent at the time of Green's appeal. As stated above, the alleged variance was not stated as a ground on appeal, nor did Green raise it as a basis for either of his two prior § 2255 filings.

■ That the record may be complete on this subject of alleged fatal variance, the matter will be considered and discussed on the merits:

In December, 1958 Green and his co-defendants were charged in a six-count Indictment with violation of Title 21 United States Code, § 174—Conspiracy; sale and concealment of narcotics, Green being named in five of the six counts.

In 1959 a jury found Green guilty as charged in each of the five counts of the six-count Indictment, and on May 29, 1959 in the presence of Green and his retained counsel, Morris Lavine, Esquire, the Court stated (Reporter's Transcript, Vol. 7, page 828) as follows:

[The Court]: "As far as the Defendant Green is concerned, we seem to have here a 29 year old individual who has a long prior record. There is nothing in this report to indicate the Court should have any consideration as far as Green is concerned.

"He has been found guilty on five counts of a six count indictment.

"It is the judgment of this Court, Jerry Henry Green, that you be committed to the custody of the Attorney General for the period of 20 years and be placed in some institution to be selected by the Attorney General. That will be five years on each of the five counts.

"The defendants will stand committed.

"MRS. BULGRIN: Is that concurrent?

"THE COURT: Concurrent.

"* * *."

On that same date the Court signed, and the clerk filed, the Judgment and

---

1. On page 2 of the Respondent's Opposition to the Motion, the date appearing on line 10 as "May 21, 1959" should properly be May 29, 1959.

Commitment in No. 27273–Crim., reflecting the Court's oral statement that Green be committed to the custody of the Attorney General for the period of twenty (20) years. In pertinent part the written Judgment and Commitment reads as follows:

"It is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of twenty (20) years for the offense charged in Count 1 of the Indictment; for a like period of twenty (20) years for the offense charged in Count 2 of the Indictment; for a like period of twenty (20) years for the offense charged in Count 3 of the Indictment; for a like period of twenty (20) years for the offense charged in Count 4 of the Indictment, and for a like period of twenty (20) years for the offense charged in Count 5 of the Indictment.

"IT IS FURTHER ADJUDGED that each of the five twenty-year sentences shall commence and run concurrently."

In the opinion of the United States Court of Appeals affirming the convictions of the three defendants (Green v. United States, 282 F.2d 388) the following appears at page 390 with reference to Green's sentence:

"*  *  *. A jury found Green guilty of conspiracy as charged in count 1 and guilty of sale of narcotics as charged in counts 2, 3, 4 and 5. Green was sentenced to 20 years in prison on each count, the sentences to run concurrently.  *  *  *."

Although in this current pleading Green attempts to establish that his sentence was for only five years because of the allegedly fatal variance, an examination of the records and files and of the Reporter's Transcript clearly shows that the Court *orally and in writing* imposed upon Green a total sentence "*  *  * for the period of 20 years  *  *  *."

A leading case on the subject of sentencing appears to be Robles v. United States (9 Cir. 1960) 279 F.2d 401, in which the Court said, at page 407:

"*  *  *. It is only where there is a doubt as to the total sentence to be served that the failure to specify individual sentences creates a fatal uncertainty,  *  *  *.

"Moreover, where a general sentence is imposed upon a conviction for more than one offense, and all offenses are supported by substantial evidence, the sentence is valid if it does not exceed the aggregate which could be imposed for all.  *  *  *."

In Payne v. Madigan, 274 F.2d 702, the Court of Appeals for the Ninth Circuit spoke on the subject of sentence variance. In that case the court imposed sentence from the bench and on the same day signed, and there was filed, judgment of commitment. Payne contended in a habeas proceeding that the term of the sentence depended exclusively upon the oral pronouncement from the bench. On appeal the Court said, page 705:

"*  *  *. The written judgments and commitments, signed by the judge on the same day, confirm this inference [that the seven sentences, aggregating twelve years, were to be served consecutively]. In our view written judgments and commitments may properly serve the function of resolving ambiguities in orally pronounced sentences."

In his concurring comment in Payne, supra, Judge Pope said:

"The appellant's argument that the written judgments have 'no probative value' seems to fly in the face of Criminal Rule 32(b), which, in providing that the 'judgment shall be signed by the judge and entered by the clerk' appears to provide that the 'judgment of conviction' in a case of this kind is the one signed by the judge."

Other Circuits have followed the reasoning of the Ninth Circuit in Payne, supra. In Chapman v. United States,

289 F.2d 539 at 544, the Fifth Circuit ruled as follows:

"Appellant insists that that is at variance with the sentence imposed in open court and relies on Payne v. Madigan, 9 Cir., 1960, 274 F.2d 702, 704. "* * *.

"* * *. If there was any ambiguity it was properly removed by the written sentence. * * *."

The Court of Appeals for the Eighth Circuit said, in Young v. United States, 274 F.2d 698 at 700:

"While the language of the judgment and commitment thus was more detailed and precise than that of the pronouncement, it nevertheless was, as the trial court held, without any departure, except in its form, from the plain indication of intent, significance and operativeness reflected by the pronouncement in its whole."

Writing on the question of difference between the oral pronouncement of sentence made in open court and the written judgment and commitment, the United States Court of Appeals for the Tenth Circuit, in Byrd v. United States, 345 F.2d 481, had this to say at page 483:

"* * *. Written judgments and commitments may properly be used to resolve ambiguities in orally pronounced sentences. Payne v. Madigan, 274 F.2d 702 (9th Cir.), aff'd by equally divided Court 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853, rehearing den. 368 U.S. 871, 82 S.Ct. 22, 7 L. Ed.2d 72. That the written order of judgment and commitment in this case reflects the intent of the trial judge is reinforced by the fact that the written order was signed on the same day that sentence was pronounced orally. Payne v. Madigan, supra."

In Baca v. United States, 383 F.2d 154 (10 Cir. 1967), the transcript revealed that the trial judge orally pronounced a general eighteen-year sentence from the bench, and the record showed that the trial judge signed a formal judgment and commitment which provided for a separate sentence for each of six counts. The Court said, page 157:

"In conformity with the requirements of Rule 32(b), Federal Rules of Criminal Procedure, the trial judge signed a formal judgment and commitment which carried a specific sentence for each of the counts. Prior to the advent of Rule 32(b) the 'judgment' in a criminal case was the sentence pronounced from the bench and not the clerk's entry of judgment or the commitment order. * * *. It would seem that Rule 32(b) has, at a minimum, enhanced the prestige of the written judgment, [citation] * * *.

"But, where the orally pronounced sentence is ambiguous, the judgment and commitment may and should be used to clarify the actual intention of the sentencing judge. Payne v. Madigan, * * *. The defect which pervades the general sentence is its ambiguity, * * *, and where the sentencing court attempts to eliminate the uncertainty of a general sentence by imposing specific sentences for each count in the judgment and commitment, we see no good reason why the judgment and commitment should not be relied upon as evidence of the judgment of the court."

■ The Court finds no merit in Green's current § 2255 proceeding; the only total judgment expressed by the Court, both orally and in writing, was twenty years. But even were there a variance between the oral pronouncement and the written judgment of twenty years signed and filed on the same day, the written judgment certainly can be used to substantiate and clarify the sentence orally expressed by the Court.

It is ordered that the Motion pursuant to § 2255, Title 28 United States Code, is denied.