**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                  No. 96-4216

CURTIS ANTHONY HAYNES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-353-A)

Submitted: October 8, 1996

Decided: March 17, 1997

Before WIDENER, ERVIN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James C. Clark, LAND, CLARK, CARROLL & MENDELSON,
P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Jill D. Gibson, Special Assistant United States Attor-
ney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Curtis Anthony Haynes of possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (1994), which was enhanced by criminal information establishing a prior drug related felony conviction under 21 U.S.C. § 851(a)(1) (1994). The district court sentenced Haynes to serve 121 months in prison, eight years supervised release, and a $50 special assessment fee.

On June 2, 1995, Sergeant Nichols of the Alexandria Police Department observed Haynes, through a high-powered spotting scope, purchase crack cocaine. At that time, Nichols radioed Officers Wemple and Mason, who approached Haynes as he attempted to drive away. Wemple and Mason observed Haynes pushing a plastic bag between the car seats with his right hand. They arrested Haynes and recovered crack cocaine from the plastic bag.

On appeal, Haynes argues that there was insufficient evidence to convict him of possession of crack cocaine with intent to distribute. Haynes claims that he did not buy crack cocaine. Rather, he claims he bought marijuana and was not aware of the crack cocaine in the car because the car did not belong to him. He argues that the police officers were not in a position to accurately observe the events about which they testified.

Evidence is sufficient to support a conviction so long as "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). An appellate court does not review the jury's determination of witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Viewing the evidence in the light most favorable to the Government, the testimony of Sergeant Nichols, who observed Haynes purchasing crack cocaine, and the testimony of Officers Wemple and Mason, who observed Haynes attempting to hide the crack cocaine, is suffi-

cient to support Haynes's conviction of possession of crack cocaine with intent to distribute.

During Haynes's sentencing proceedings, the sentencing judge first stated that an eight-year period of supervised release was required because of Haynes's criminal history, and then sentenced Haynes to serve five years of supervised release. The term of supervised release recited in the written judgment is eight years due to a prior drug-related felony conviction, which, under 21 U.S.C.A. § 841(b)(1)(B)(iii) (West Supp. 1996), requires a term of at least eight years of supervised release. Generally, when there is a conflict between the written judgment and a sentence announced in court in the presence of the Defendant, the oral pronouncement controls. United States v. Morse, 344 F.2d 27, 29 n.1 (4th Cir. 1965). However, when there is an ambiguity in the oral pronouncement of a sentence, the written judgment is used to resolve that ambiguity. Payne v. Madigan, 274 F.2d 702, 704 (9th Cir. 1960), aff'd, 366 U.S. 761 (1961). Because the oral pronouncement does not make clear the length of supervised release, the written judgment resolves this ambiguity and Haynes is properly sentenced to serve eight years of supervised release.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3