UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                             No. 02-4720

DEWEY ALAN BAKER,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-5)

Submitted: January 29, 2003

Decided: March 14, 2003

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dewey Alan Baker pled guilty to (1) permitting a minor to engage in sexually explicit conduct for purposes of production of visual depictions to be transported in interstate commerce in violation of 18 U.S.C. § 2251(b) (2000); (2) transportation of child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1) (2000); and (3) possession of child pornography that had been shipped in interstate commerce in violation of 18 U.S.C. § 2252A(a)(5)(B) (2000). Baker was sentenced to the mandatory minimum sentence under 18 U.S.C. § 2251(b), 120 months imprisonment, and three years of supervised release.

The presentence report prepared in Baker's case recommended that eleven special conditions be imposed as terms of the supervised release. The second proposed condition contained in the presentence report stated, "The defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment at the discretion of the probation officer. Treatment may include physiological testing such as the polygraph and penile plethysmograph, and the use of prescribed medications." Baker did not object to this term in the presentence report. At sentencing, without objection by Baker, the district court imposed the eleven conditions of supervised release recommended in the presentence report. In its oral pronouncement, however, the court phrased the second condition, "Now the conditions of supervised release are the standard ones adopted by the Court, that the defendant cooperatively participate in an evaluation and mental health treatment program with emphasis on sex offender treatment, at the discretion of the probation officer. That treatment may include testing and the use of prescribed medicines." The written judgment, entered fourteen days after the sentencing hearing, included as a term of supervised release, "The defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment at the discretion of the probation officer. Treatment may include physiological testing such as the polygraph and penile plethysmograph, and the use of prescribed medications." Baker asserts on appeal that the written judgment has changed the terms of supervised

release pronounced orally at sentencing in violation of Fed. R. Crim. P. 43. We disagree.

This court reviews legal issues concerning sentencing de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). When there is a conflict between the written judgment and a sentence announced in court, the oral pronouncement of sentence controls. *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965). When there is an ambiguity in the oral pronouncement of a sentence, the written judgment is used to resolve the ambiguity. *Payne v. Madigan*, 274 F.2d 702, 704-05 (9th Cir. 1960), *aff'd*, 366 U.S. 761 (1961). The district court's power to amend a sentence does not extend to a situation where the district court judge simply changes his mind about the sentence imposed. *United States v. Cook*, 890 F.2d 672, 675 (4th Cir. 1989).

Both the oral and written pronouncement of sentence permit treatment and testing. The written judgment does not require any particular test; it simply adds specificity by listing two particular tests as examples of "testing" that may be administered as part of Baker's "treatment." We find that the difference between the oral and written sentence was, at most, a clarification of the sentence that did not alter its terms or scope. Moreover, the change did not affect Baker's substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Accordingly, we affirm the sentence imposed by the district court in the written judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*