**UNITED STATES of America,
Respondent-Appellee,**

v.

**Robert KAYE, Movant-Appellant.**

**No. 83–5795.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 17, 1984.

Decided Aug. 6, 1984.

Janet Goldstein, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Bernard L. Segal, San Francisco, Cal., for movant-appellant.

Before WRIGHT, TANG, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

In an earlier appeal we affirmed appellant's conviction on multiple counts but remanded for correction of an inadvertent failure to sentence on two of the counts. *United States v. DeLuca*, 692 F.2d 1277, 1286 (9th Cir.1982). The issue here is whether Federal Rule of Criminal Procedure 36, pertaining to clerical mistakes, permits a sentencing judge in making the correction to add an additional prison term.

Appellant Kaye was convicted of 20 counts of conspiracy, attempted extortion, damage by explosives and racketeering. In the original sentencing, the district court essentially divided the counts into two groups. The sentences in each group were to run concurrent with each other but consecutive to the sentences in the other group.[1] The total term of imprisonment

---

1. The judgment stated:

Defendant has been convicted as charged of the offense(s) of conspiracy to damage property by means of explosives, making threats and committing acts of violence to obstruct commerce in violation of Title XVIII, U.S.C., Section 371, as charged in count 1 of the first

superseding indictment; damage to property by means of explosives in violation of Title XVIII, U.S.C., Section 844(i), (j), as charged in counts 4, 10, 12, 14, 16 and 18 of the first superseding indictment; making threats and committing acts of violence to obstruct commerce in violation of Title XVIII, U.S.C., Sec-

was eight and one-half years, followed by five years of probation. In the earlier appeal from that judgment, we affirmed the convictions on thirteen of the counts, and reversed the remainder. We noted that two of the counts we had affirmed had not been included in the judgment. We therefore remanded for correction of what "appeared to be a clerical error which may be corrected at any time. Fed.R.Crim.P. 36." *DeLuca,* 692 F.2d at 1286.

On remand the district court easily could have included the missing count numbers in one of the existing groups, thus making no substantive change in the prison term which the defendant was to serve. The sentence would then have conformed to the counts on which the defendant had been convicted and which we had affirmed. Instead, however, the district court chose to make a new category of sentences to run consecutive to the other categories. The result was to increase appellant's term of imprisonment from eight and one-half to nine years. This appeal comes to us from the denial of plaintiff's motion pursuant to 28 U.S.C. § 2255 to vacate and modify the sentence.

■ We reverse. The motion should have been granted because the provisions of Rule 36 do not permit a substantive change in the period of incarceration which the defendant must serve. A change made under Fed.R.Crim.P. 36 can do no more than conform the sentence to the term which the record indicates was intended.

■ There is no doubt that the resentencing in this case constitutes a substantive departure from anything the parties could have expected from the record. Even though the district court may have intended earlier to impose the sentence which he imposed on remand, nothing appears in the record to suggest this even remotely to the parties. Thus on remand the district court did not correct the form of the judgment to conform to what the record indicates was the correct form. When the district court added the additional six month term it made a substantive alteration.

The government argues that such a substantive change is permissible under Rule 36 so long as the court is correcting its own "oversight or omission." The appellant correctly contends, however, that Rule 36 is a narrow provision limited to correction of errors of no more than clerical significance. Federal Rule of Criminal Procedure 36 states:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Guidance on whether the rule permits substantive alterations in a judgment can be found in its Advisory Committee note, which states:

> This rule continues existing law. *Rupinski v. United States,* 4 F.2d 17, C.C. A.6th. The rule is similar to Rule 60(a) of the Federal Rules of Civil Procedure, 28 U.S.C., Appendix.

tion 1951 as charged in counts 2, 3, 5, 6, 7, 8, 9, 11, 13, 15, 17 and 19 of the first superseding indictment; racketeering in violation of Title XVIII, U.S.C., §§ 1962(c), 1963 as charged in count 20 of the first superseding indictment.... The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five years on count one; eight years on counts 2, 4, 5, 7, 12 and 14; and 8 years on counts 8, 9, 11, 13, 15, 16, 17, 18, 19 and 20.
IT IS FURTHER ADJUDGED as to counts 8, 9, 11, 13, 15, 16, 17, 18, 19 and 20, that pursuant to Title XVIII, U.S.C. Section 3651, the de-

fendant shall be confined in a jail-type institution for the first six months; the balance is suspended and the defendant is placed on probation for a period of five years on the conditions he obey all Federal, State and local laws; comply with all rules and regulations of the Probation Officer.
IT IS ORDERED that the sentence on counts 1, 2, 4, 5, 7, 12 and 14 are to run concurrent and not consecutive.
IT IS ORDERED that the sentence on counts 8, 9, 11, 13, 15, 16, 17, 18, 19 and 20 are to run consecutive and not concurrent to the sentence on counts 1, 2, 4, 5, 7, 12 and 14.

*Rupinski* characterized the "existing law" the rule was designed to perpetuate as follows:

> While the general rule is that the records and decrees of the court cannot be altered after the term, there is a well-recognized exception in the case of mere clerical errors.

4 F.2d at 18.

The Advisory Committee note to Rule 36 also leads us to the abundant case authority under Rule 60(a) of the Federal Rules of Civil Procedure. Cases under that rule verify that it is concerned with "mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered." *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir.1968). Similarly, in *Kelley v. Bank Building and Equipment Corp.*, 453 F.2d 774, 778 (10th Cir.1972), the court stressed that the rule was for corrections rather than any "substantive change or amendment." In *Huey v. Teledyne*, 608 F.2d 1234, 1237 (9th Cir.1979), *cert. denied*, 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982), we characterized as a Rule 60(a) correction a district court's change in its order to reflect dismissal with prejudice, where the change conformed the order to the court's previous oral ruling and was regarded as purely technical.

█ The rationale of these cases would not permit a judge in a civil case to increase a damage award under Rule 60(a) simply because the judge had discovered he had forgotten about one element of damages. A fortiori, a sentencing judge should not be able under Fed.R.Crim.P. 36 to increase the number of years to be served under a criminal sentence. A criminal defendant is entitled to at least as much protection from such judicial afterthoughts as a civil defendant. *See also* 8A J. Moore, *Moore's Federal Practice* § 36.02 at 36–4 (inadvertant errors are corrected under Rule 36 "to conform the record to the intention of the court and parties").

Direct authority in this Circuit also exists on Rule 36. We have stated that "Rule 36 applies to clerical errors only." *United States v. Marchese*, 341 F.2d 782, 788 (9th Cir.), *cert. denied*, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965). See also 3 Wright, *Federal Practice and Procedure* § 611 at 527 (2d ed. 1982), which approvingly cites *Nicholson v. United States*, 303 F.2d 161 (9th Cir.1962), for the proposition that if the error or omission is indeed a judicial error, rather than a clerical mistake, it is not within the purview of the rule. Thus, in this case Rule 36 could not have been used for any purpose other than to correct the clerical error in omitting the numbers of the missing counts. It was not used properly to add a period of incarceration that the record does not indicate was previously authorized.

█ The government also argues that, despite the general principle that judgments cannot be altered after they have become final, and despite the limitations on Rule 36 as an exception to that general proposition, a different rule applies to sentencing. Relying upon *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the government contends that the only limitation upon any correction of a sentence is that it be done without unreasonable delay. *See also* Fed. R.Crim.P. 32(a)(1). It maintains that so long as there is no lack of diligence, the court may impose an increased sentence even after appeal of the original judgment.

In *Pollard*, the defendant's original sentence of probation was invalid because it had been imposed in his absence. The Supreme Court ruled that on his reappearance, and in the absence of any unreasonable delay attributable to the government, the imposition of a prison sentence was valid. *Pollard*, 352 U.S. at 358–61, 77 S.Ct. at 484–85.

The crucial fact the government ignores is that the original sentence in this case, unlike the one in *Pollard*, was not a nullity. Both the parties and this court treated the sentence as a part of a single, valid, appealable judgment. Under Fed.R.Crim.P. 32, there can be no appealable judgment until the sentence has been imposed. The sentence is part of the judgment. *See* Fed.R.

Crim.P. 32(b)(1) ("A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence."). Thus, when we affirmed the convictions and remanded for correction of a clerical error, we could not have permitted the imposition of a substantively different judgment. Neither the rules of procedure that bind us nor our own sense of fair play permit a court to increase the defendant's term of incarceration after the conviction has become final and the defendant has exercised, or waived the exercise, of all appeal rights.

Reversed and remanded for entry of an order directing that the sentence on counts 3 and 6 run concurrent with other sentences.

EUGENE A. WRIGHT, Circuit Judge, dissenting:

The majority holds that Rule 36 may be used only to conform the sentence to the term which the record indicates was intended. While it may be correct that the court's original intention was to include the missing counts in the two groups of counts on which it did pass sentence, it is at least as likely that the original intention was to impose additional time on those counts.

There is no evidence that the trial judge intended to suspend sentence or impose concurrent sentences on the unmentioned counts. On the contrary, that he explicitly sentenced Kaye on 17 other counts, some to run concurrently, suggests that his failure to sentence on the three counts (including the two at issue here) was due to oversight rather than plan.

The inadvertence that characterized the entry of judgment was noted sua sponte by this court in our earlier opinion:

VII. Sentencing of Kaye

Our review of the record reveals the trial court, through inadvertence, failed to sentence defendant Kaye on counts 3, 6, and 10. Because the verdict and sentence are inconsistent, this appears to be a clerical error which may be corrected at any time. Fed.R.Crim.P. 36. We have reversed Kaye's conviction on count 10, and we remand for sentencing on counts 3 and 6.

*United States v. DeLuca,* 692 F.2d 1277, 1286 (9th Cir.1982). The district judge responded by doing what we requested and imposed sentence on the other counts.

The trial judge may have merely overlooked the missed counts because counsel did not bring them to his attention, and would have imposed six months had he realized the omission. This type of judicial oversight cannot be categorized literally as either a "legal" or a "clerical" error. The majority holds that this kind of error is substantive and not correctable. I disagree.

The majority reasons that "[a] criminal defendant is entitled to at least as much protection from such judicial afterthoughts as a civil defendant." Although analogy to Civil Rule 60 has merit, the ability to correct judicial inadvertence is no clearer in the civil than in the criminal context. I am not convinced that the rationale of the Rule 60(a) cases cited by the majority would not permit a judge to increase a damage award upon discovery that an element of damages was overlooked in calculating the award.

In *Huey v. Teledyne,* 608 F.2d 1234 (9th Cir.1979), *cert. denied,* 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982), this court approved as a Rule 60(a) correction the trial judge's amendment of a written order to conform to his earlier oral ruling. In *Kelley v. Bank Building & Equipment Corp.,* 453 F.2d 774, 778 (10th Cir.1972), Rule 60(a) was used to incorporate the terms of a prior agreement into the judgment, so that it conformed to the parties' expectations. *United States v. Stuart,* 392 F.2d 60, 62 (3d Cir.1968), held that Rule 60(a) "permits, inter alia, reasonable additions to the record," such as addition of documents inadvertently omitted.

These cases do not provide a clear distinction between so-called "substantive errors," which may not be corrected under Rule 60(a) and oversights or "errors of only clerical significance," which may be corrected under Rule 60(a). They do sug-

gest that, although Rule 60(a) may not be used to change a deliberate judicial action, "[i]t is axiomatic that courts have the power and the duty to correct ... judgments issued due to inadvertence or mistake." *Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir.1980) (quoting *American Trucking Ass'ns v. Frisco Transportation Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958)).

In the civil context, Rule 60(b) provides for relief from final judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect." This suggests that the relief provided in Rule 60(a) does not cover *judicial* inadvertencies. If Criminal Rule 36 were limited to clerical and not judicial action, however, a criminal trial court would have *no* means to correct inadvertencies, except by reducing sentence under Rule 35.

We recently refused to bind a trial court to its mistake in the case of an inadvertently dismissed indictment. *United States v. Rubio*, 727 F.2d 786 (9th Cir.1983).

> The Supreme Court ... has recognized that "[e]very court must be presumed to exercise those powers belonging to it which are necessary for the promotion of public justice; and we do not doubt that this court possesses the power to reinstate any cause dismissed by mistake." *The Palmrya*, 25 U.S. (12 Wheat.) 1, 10, 6 L.Ed. 531, 534 (1827).
>
> ....
>
> ... We cannot conceive that Congress intended, by failing to provide a criminal counterpart to Fed.R.Civ.P. 60(b), to strip a court of its inherent jurisdiction to vacate or modify an order inadvertently made through mistake in a criminal proceeding. This is a matter within the trial court's discretion, subject only to review by this court for abuse thereof ....

*Rubio*, 727 F.2d at 798–99.

The majority suggests that the defendant's "right to the judgment at the time it was entered" does not attach until the defendant has exercised, or waived the exercise of, all appeal rights. But initiation of the appeal is only a jurisdictional bar to correction of a clerical error, at least in the civil context. *See* Fed.R.Civ.P. 60(a); *Huey*, 608 F.2d at 1237. Thus, we could have remanded sua sponte for correction, and then considered the appeal of the corrected judgment on the merits.

Under the majority's analysis, once a defendant has appealed, a trial judge could not, after entering judgment and sentence, increase the sentence upon his own discovery that he had inadvertently failed to sentence on several counts. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *United States v. DiFrancesco*, 449 U.S. 117, 135, 101 S.Ct. 426, 436, 66 L.Ed.2d 328 (1980) (quoting *Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947)).

I see no reason why a void in the Federal Rules of Criminal Procedure should preclude a trial judge from correcting an inadvertent failure to sentence. We seem to have a situation that calls for clarification of the rules.