952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jon Robert PERROTON, Defendant-Appellant.
 No. 90-10606.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 13, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jon Robert Perroton, a federal prisoner, appeals pro se the district court's order denying his Fed.R.Crim.P. 36 motion to correct a clerical mistake in the judgment, which reflects a twenty-year term of imprisonment.[1] He contends that the district court orally pronounced a twelve-year term at the sentencing hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court may use Rule 36 only to correct a clerical mistake. United States v. Kaye, 739 F.2d 488, 490-91 (9th Cir.1984). We review for clear error the district court's factual finding whether the clerk of the court made a mistake in describing the sentence imposed. United States v. Bergmann, 836 F.2d 1220, 1221 (9th Cir.1988) (citing United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir.1985)). We review questions of law de novo. Id. " 'The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant,' " not the written judgment and commitment order. Id. (quoting United States v. Munoz-Dela Rosa, 495 F.2d 253, 256 (9th Cir.1974)).
 
 
 4
 At Perroton's sentencing hearing, the district court stated that it was sentencing him to two years imprisonment on Count 1; ten years on Count 2, consecutive to the term on Count 1; and five years on Count 3, concurrent with the term on Count 2. At the end of the hearing, however, the district court remanded Perroton to custody. The prosecutor then said, "Perhaps Mr. Perroton should remain for this," and asked the district court to clarify the sentence. The district court then stated that the term was "[t]en years to Count 1, ten years to Count 2 consecutive; five years to Count 3 concurrent with Count 2."
 
 
 5
 The prosecutor's statement that Perroton should remain could indicate that Perroton was not present when the district court pronounced the sentence for the second time. See id. Nonetheless, because the prosecutor said that he should remain, rather than that he should return, the most logical interpretation of the statement is that Perroton had not yet left the courtroom. Accordingly, the district court did not clearly err by denying Perroton's Rule 36 motion. See id.; Kaye, 739 F.2d at 490-91.
 
 
 6
 Perroton also contends that the district court placed him in double jeopardy by increasing his sentence. This contention lacks merit because a constitutional claim is not cognizable under Rule 36. See Kaye, 739 F.2d at 490-91.
 
 
 7
 Perroton claims that an affidavit by William Findley, a friend who attended the sentencing hearing, proves that the marshal already had removed him from the courtroom when the district court stated that the term was 20 years. The government has filed two motions to strike the affidavit from the record on appeal and to strike reference to the affidavit from Perroton's reply brief. This court will not consider materials not presented to the district court. United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989) (citing Fed.R.App.P. 10(a)). Accordingly, we grant the government's motions.
 
 
 8
 Perroton has filed a letter stating that the government did not serve its corrected brief on either him or his attorney. We construe the letter as a motion for sanctions and deny the motion because the certificate of service attached to the brief indicates that the government served Perroton's attorney. Even though counsel had not filed a notice of appearance, the government's action is not sanctionable.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Michael J. Brennan, Esq., filed a reply brief on behalf of Perroton, he has not filed a notice of appearance