28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Dario RAMIREZ, aka El Gordo, Defendant-Appellant.
 No. 93-50784.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 21, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Dario Ramirez appeals the district court's denial of both his Fed.R.Crim.P. 35(c) and 36 motions to correct his 151-month sentence imposed following a guilty plea for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Ramirez contends the district court erred by concluding that it lacked jurisdiction to consider his post-sentencing requests for an additional one-level reduction for acceptance of responsibility. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's determination that it lacked jurisdiction. United States v. Neville, 985 F.2d 992, 994 (9th Cir.), cert. denied, 113 S.Ct. 2425 (1993).
 
 
 4
 Rule 35(c) allows the court to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error" within seven days after the imposition of the sentence. Fed.R.Crim.P. 35(c). Rule 35(c), however, "is not intended to afford the court the opportunity to reconsider the application ... of the sentencing guidelines or for the court to simply change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing...." Fed.R.Crim.P. 35(c) advisory committee's note.
 
 
 5
 Rule 36 allows the district court to correct "clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission...." Fed.R.Crim.P. 36. Nevertheless, Rule 36 does not "allow reassessment of the merits of an earlier decision." United States v. Jones, 608 F.2d 386, 389 (9th Cir.1979); accord United States v. Kaye, 739 F.2d 488, 490-91 (9th Cir.1984).
 
 
 6
 On April 14, 1992, Ramirez pled guilty to the instant offense. Before sentencing, Ramirez filed position papers requesting, among other things, a three-level reduction for super acceptance of responsibility. At sentencing on March 5, 1993, the court granted a two-level reduction for acceptance of responsibility. Neither Ramirez nor the court addressed the additional one-level reduction.
 
 
 7
 On March 8, 1993, Ramirez filed an ex parte motion, presumably under Rule 35(c), in district court requesting the additional one-level reduction. On March 10, 1993, Ramirez filed a notice of appeal from his sentence. On March 29, 1993, the district court held a hearing on Ramirez's ex parte motion and concluded that it lacked jurisdiction without a remand from this court. Ramirez then filed an emergency motion with this court seeking remand to the district court. We denied the motion and subsequent motion for reconsideration.
 
 
 8
 On September 2, 1993, Ramirez filed a Rule 36 motion in the district court again requesting the additional one-level reduction. On September 20, 1993, Ramirez filed a motion for voluntary dismissal of his appeal, which we granted. On October 18, 1993, the district court held a hearing and concluded that it lacked jurisdiction to consider Ramirez's Rule 35(c) or Rule 36 motions. We agree.
 
 
 9
 The alleged error is neither a clerical mistake in the record nor a sentence imposed as a result of arithmetical, technical, or other clear error. Therefore, neither Rule 35(c) nor Rule 36 provide the district court with the authority to grant the relief requested. See Fed.R.Crim.P. 35(c) & 36; see also Jones, 608 F.2d at 389. Accordingly, the court properly determined that it lacked jurisdiction to entertain either motion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3