76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Conrad BENNETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Conrad Michael BENNETT, Defendant-Appellant.
 Nos. 95-30184, 95-30233.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: ALARCON, HALL and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Conrad Michael Bennett appeals the sentence imposed following his guilty plea to second degree murder. Bennett contends the district court erred by adjusting his offense level upward, pursuant to U.S.S.G. § 3A1.1, because he could not have known that the sleeping victim was vulnerable. Additionally, Bennett argues that the district court lacked jurisdiction and authority to correct its original judgment under Fed.R.Crim.P. 36. We have jurisdiction under 28 U.S.C. § 1291, and review de novo the district court's interpretation and application of the sentencing guidelines. United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994). The district court's findings of fact are reviewed for clear error. Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 2125 (1994). The district court's assumption of jurisdiction is reviewed de novo. United States v. Vasquez-Velasco, 15 F.3d 833, 838-39 (9th Cir.1994). We affirm in part, vacate in part and remand.
 
 A. U.S.S.G. § 3A1.1
 
 3
 Bennett contends that the district court erred by applying the vulnerable victim adjustment because his mental condition made him incapable of knowing that the sleeping, intoxicated victim was vulnerable.
 
 
 4
 Under U.S.S.G. § 3A1.1, a vulnerable victim adjustment is to be applied "if the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition." United States v. O'Brien, 50 F.3d 751, 755-56 (9th Cir.1995). However, this adjustment is not available "if the defendant cannot be shown to have had the requisite state of mind with respect to the vulnerability of the victim." United States v. McAninch, 994 F.2d 1380, 1388 (9th Cir.), cert. denied, 114 S.Ct. 394 (1993).
 
 
 5
 Here, the district court adopted the presentence report's recommendation to apply the vulnerable victim adjustment. However, the district court made no specific findings as to whether Bennett had the mental capacity to appreciate that the victim was vulnerable. In light of Dr. William D. Stratford's psychiatric evaluation which appears to opine that Bennett did not know that the victim was unusually vulnerable at the time of the offense, we vacate Bennett's sentence and remand. On remand, the district court should make findings of fact as to whether Bennett had the mental capacity to appreciate that the victim was vulnerable. See McAninch, 994 F.2d at 1388.
 
 
 6
 B. Jurisdiction and Authority to Correct Clerical Mistakes
 
 
 7
 Bennett argues that the district court was without authority to amend its original judgment under Fed.R.Crim.P. 36 because the changes made did not involve clerical mistakes. We disagree. The district court's unambiguous oral pronouncement of Bennett's sentence recommended that Bennett be placed in a federal medical facility. The district court's subsequent written order required, but did not recommend, that Bennett serve his 144-month term at a federal medical facility pursuant to 18 U.S.C. § 4244. After Bennett filed a notice of appeal, the district court sua sponte issued an amended judgment which deleted all references to § 4244 and recommended, rather than ordered, placement at a federal medical center.[1]
 
 
 8
 We review the district court's finding of clerical error under the clearly erroneous standard. United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir.1985). Here, the district court did no more than correct clerical mistakes in its written judgment by conforming the written judgment to the terms which the district court pronounced orally. The district court was authorized to do so under Fed.R.Crim.P. 36. See United States v. Kaye, 739 F.2d 488, 490 (9th Cir.1984); see also United States v. Hicks, 997 F.2d 594, 597 (9th Cir.1993) (where unambiguous oral pronouncement of sentence conflicts with written judgment, oral pronouncement controls).
 
 
 9
 Bennett also contends that the filing of his notice of appeal before the district court amended its judgment divested the district court of its jurisdiction. We disagree. A correction under Fed.R.Crim.P. 36 can be made at any time. See Kaye, 739 F.2d at 490-91. Therefore, the district court had jurisdiction to correct its original judgment for clerical mistakes despite the filing of Bennett's notice of appeal.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the district court could not have intended to sentence Bennett under 18 U.S.C. § 4244 because it made no specific finding that Bennett suffered from a mental disease or defect and that he should be committed to a suitable facility in lieu of imprisonment. Such a finding is required under § 4244. See United States v. Buker, 902 F.2d 769, 770 (9th Cir.1990)