76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles N. ETTIEN, Defendant-Appellant.
 No. 94-16474.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
As Amended on Denial of Rehearing Feb. 22, 1996.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Charles N. Ettien appeals pro se the district court's order denying in part his 28 U.S.C. § 2255 motion. Ettien contends that the district court impermissibly altered his sentence by requiring that he begin paying his restitution while in prison, and that the Bureau of Prisons (BOP) lacked authority to collect restitution from his prison wages. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We affirm in part and vacate and remand in part.
 
 
 3
 At sentencing, the district court ordered restitution of $8,397.00, to be paid in installments as directed by the United States Probation Office. After arriving at Lompoc Federal Penitentiary, Ettien discovered that he was expected to pay a portion of his monthly wages from his prison job toward his restitution obligation under the Inmate Financial Responsibility Program (IFRP).
 
 
 4
 Ettien contended in the district court that the BOP could not take his wages because his restitution obligation was not due until his supervised release begins, and that the restitution amount was incorrect. The district court agreed that the restitution amount was wrong, but disagreed with Ettien concerning when restitution was due. The district court, citing Fed.R.Crim.P. 36 as authority, also modified the written judgment to provide that restitution is payable in installments as directed by the BOP during Ettien's incarceration, and as directed by the United States Probation Office after Ettien's release from prison.
 
 
 5
 To the extent that Ettien's motion in the district court challenges the BOP's ability to require his participation in the IFRP in order to pay his restitution, Ettien challenges the manner of execution of his sentence. The proper method for challenging the execution of a sentence is through a habeas corpus petition under 28 U.S.C. § 2241, brought in the district court where the prisoner is confined. See Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484, 494-95 (1973); United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984); see also Tyler v. United States, 929 F.2d 451, 453 (9th Cir.) (construing pro se prisoner's claim erroneously brought under 28 U.S.C. § 2255 as petition for habeas corpus under 28 U.S.C. § 2241), cert. denied, 502 U.S. 845 (1991). If the district court lacks jurisdiction over a petition brought under 28 U.S.C. § 2241, the court shall transfer the petition to any other court "in which the action could have been brought 'if it is in the interest of justice.' " Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir.1990) (quoting 28 U.S.C. § 1631).
 
 
 6
 The district court did not have jurisdiction over Ettien's custodian, and therefore could not entertain his § 2241 claims. Accordingly, we remand for the district court to determine if it is in the interest of justice to transfer Ettien's claims challenging his participation in the IFRP to the Central District of California. See id.
 
 
 7
 Regarding the district court's modification of the sentence to allow the BOP to direct restitution payments while Ettien is in prison, Rule 36 allows the district court to correct "clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission." Fed.R.Crim.P. 36. However, Rule 36 does not permit reassessment of an earlier decision, and can do no more than conform the sentence to that which the record indicates was intended. See United States v. Kaye, 739 F.2d 488, 490 (9th Cir.1984); United States v. Jones, 608 F.2d 386, 389 (9th Cir.1979).
 
 
 8
 The district court had no power under Rule 36 to change the order of restitution, because the record does not reflect the court's intention to have BOP determine the restitution payments. See Kaye, 739 F.2d at 490; Jones, 608 F.2d at 389.
 
 
 9
 To the extent that Ettien contends that the district court otherwise improperly modified his sentence, we disagree. We adopt the district court's reasoning that the sentence originally imposed required restitution payments to begin immediately, if the Probation Office so directed. See also 18 U.S.C. § 3663(f). Because the sentence is not a violation of his plea agreement, we reject Ettien's claim otherwise.
 
 
 10
 Ettien contends he would not have accepted his plea agreement had it included the immediate payment of restitution. He did not include this claim in his § 2255 motion; we therefore do not address the claim. See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990).
 
 
 11
 We VACATE those parts of the district court's order determining Ettien's § 2241 claims and modifying the sentence permitting the BOP to determine restitution payments while Ettien is in prison. We REMAND to the district court for the district court to determine if the interests of justice require the transfer of Ettien's claims challenging the manner of execution of his sentence to the Central District of California. In all other respects we AFFIRM the district court's order.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3