112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles HINSLEY, Jr., Defendant-Appellant.
 No. 96-56179.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former federal prisoner Charles Hinsley, Jr. appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate or correct his sentence imposed following his guilty plea conviction. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Hinsley contends that his term of special parole should be vacated because he was erroneously sentenced under 21 U.S.C. § 841(b)(1)(B) instead of 21 U.S.C. § 841(b)(1)(A). We disagree.
 
 
 4
 Hinsley was convicted of conspiracy to manufacture and distribute methamphetamine and manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. At the time Hinsley committed the offense, subsection 841(b)(1)(A), which provided for a sentence of not more than twenty years imprisonment and did not authorize a term of special parole, did not apply to offenses involving methamphetamine. See 21 U.S.C. § 841(b)(1)(A) (1981). In contrast, subsection 841(b)(1)(B), which provided for a term of imprisonment of not more than fifteen years and at least three years of special parole, did apply to offenses involving methamphetamine. See 21 U.S.C. § 841(b)(1)(B) (1981).
 
 
 5
 At sentencing, the district court sentenced Hinsley to eight years imprisonment and a three year term of special parole. Although the sentencing judge did not name the subsection under which she was sentencing Hinsley, she explicitly imposed a three-year parole term. In addition, the written judgment also imposed the parole term but stated that it was imposed pursuant to subsection 841(b)(1)(A). The district court subsequently corrected the written judgment pursuant to Fed.R.Crim.P. 36.
 
 
 6
 Hinsley argues that the district court erred by amending the original judgment under Fed.R.Crim.P. 36 because the changes did not involve a clerical mistake. We review the district court's finding of clerical error for clear error. See United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir.1985). Here, the district court did no more than correct a clerical mistake in its written judgment by conforming the written judgment to the terms which the district court pronounced orally. See id.; see also United States v. Garcia, 37 F.3d 1359, 1368 (9th Cir.1993) ("Where the oral pronouncement of a defendant's sentence is unambiguous, but differs from the written sentence, the oral sentence controls.").
 
 
 7
 We likewise reject Hinsley's contention that the filing of his notice of appeal before the district court amended its judgment divested the court of its jurisdiction. A correction under Fed.R.Crim.P. 36 can be made at any time. See United States v. Kaye, 739 F.2d 488, 490-91 (9th Cir.1984).
 
 Accordingly the district court's order is
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3