**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert GOODWIN, Defendant–Appellant.**

No. 00–50659.
D.C. No. 88 CR 1032–H.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001.*

Decided July 31, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before RYMER and RAWLINSON, Circuit Judges, and RESTANI, Judge.**

MEMORANDUM ***

Appellant Robert Goodwin ("Goodwin" or "Appellant") appeals from the district court's correction of his judgment from a 1989 conviction. Goodwin challenges the district court's action as improperly taken under Federal Rule of Criminal Procedure 36, claiming that the option of correcting the judgment should have been analyzed

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

by the district court under Rule 35 instead of Rule 36. The Government urges affirmance, arguing that the district court properly corrected Appellant's 1989 judgment pursuant to Rule 36.

 The district court's determination that it had jurisdiction to grant the Government's request for correction of judgment under Rule 36 is subject to *de novo* review. *See United States v. Neville,* 985 F.2d 992, 994 (9th Cir.), *cert. denied,* 508 U.S. 943, 113 S.Ct. 2425, 124 L.Ed.2d 646 (1993). We review the district court's grant of a Rule 36 motion, including the necessary factual determinations therein, for clear error. *United States v. Dickie,* 752 F.2d 1398, 1400 (9th Cir.1985) (per curiam).

 According to Goodwin, the Government sought to alter the sentence he received in 1989. A district court, however, may modify a sentence only under a mandate from this court or according to Fed.R.Crim.P. 35. *United States v. Ruiz–Alvarez,* 211 F.3d 1181, 1184 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 324, 148 L.Ed.2d 260 (2000). As no court of appeals mandate had been issued in this case, Goodwin argues, the district court should have proceeded under Fed. R.Crim.P. 35(c).

 The district court properly evaluated the Government's motion under Fed. R.Crim.P. 36. Rule 35 authorizes the correction of a "sentence," Fed.R.Crim.P. 35(c), whereas Rule 36 more broadly permits corrections to "judgments, orders or other parts of the record." Fed.R.Crim.P. 36. Goodwin conflates the terms "judgment" and "sentence," ignoring their distinct meanings for the purposes of applying Rules 35 and 36. A "judgment of conviction" includes "the plea, the verdict of findings, the adjudication, and *the sentence.*" Fed.R.Crim.P. 32(d)(1) (emphasis added). The sentence is that element of the final judgment that expresses the punishment imposed by the court upon a defendant's conviction. We have rejected any attempt by parties to evade this plain language distinction between Rules 35 and 36, holding that a party may not seek to correct a court's *judgment* by filing a motion for *sentence* correction under Rule 35. *See Nicholson v. United States,* 303 F.2d 161, 163–64 (9th Cir.1962).

 The Government moved to correct the judgment of the sentencing court, not that court's sentence. Goodwin was sentenced to 84 months imprisonment and five years supervised release. The error sought to be corrected by the Government, however, is the sentencing court's presumably inadvertent entry of conviction on Count One of Goodwin's 1989 indictment, instead of properly entering the judgment of conviction on Count Two.[1] Because this

---

1. Goodwin also claims that an error occurred at his sentencing hearing based on the clerk's incorrect calling of the case, which identified a plea of guilty as to Count One. The clerk's mistake in the calling of the case was not subsequently corrected by Judge Gilliam, but Judge Gilliam also did not confirm orally the misreading of the count of conviction. Goodwin is correct to emphasize the significance of the oral pronouncement in the presence of the defendant, *United States v. Munoz–Dela Rosa,* 495 F.2d 253, 256 (9th Cir.1974), but our focus as to the sentencing hearing is on the spoken words of the *judge. Cf. United States v. Bergmann,* 836 F.2d 1220, 1221 (9th Cir.1988) ("It is the words pronounced *by the judge* at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order, that constitute the legal sentence.") (emphasis added). Because we look to the judge's oral pronouncement, the clerk's error had no legal impact on Goodwin's case. Therefore, in the absence of an actual misstatement on the part of the sentencing judge, as opposed to the uncorrected statement of a clerk calling the case, we view the principal error complained of to be the incorrect entry

error was not as to Goodwin's sentence, determination of the Government's motion under Rule 35 would have been improper.[2] *See Nicholson,* 303 F.2d at 163–64.

■■■■ Having concluded that Rule 36 provided the proper basis for decision in this case, we now turn to the district court's application of the Rule. Rule 36 authorizes the correction of "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission . . . at any time. . . ." Fed.R.Crim.P. 36. "Clerical mistakes" include errors made by judges as well as ministerial employees. *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987) (citing *Korea Exchange Bank v. Hanil Bank, Ltd. (In re Jee )*, 799 F.2d 532, 535 (9th Cir.1986), *cert. denied sub nom. Hanil Bank, Ltd.v. Michelman,* 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987)). We have observed the following in the context of "clerical mistakes" made by judges under Fed.R.Civ.P. 60(a):[3]

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of in-

stances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Blanton v. Anzalone,* 813 F.2d at 1577 n. 2 (quoting *United States v. Griffin,* 782 F.2d 1393, 1397 (7th Cir.1986)) (emphasis in original). Consistent with this observation, we evaluate whether purported judge-made errors are indeed "clerical" by focusing on the intention of the judge at the time the error was made: was the error in question one "where what is spoken, written or recorded is not what the court intended to speak, write or record"? *In re Jee,* 799 F.2d at 535.[4]

The district court found that Judge Gilliam had intended to sentence Goodwin for Count 2, and that the failure to so indicate during oral pronouncement of sentence and in the judgment constituted a clerical error. As required under Fed.R.Crim.P. 11, Judge Gilliam, at the plea colloquy, discussed with Goodwin the particulars of his plea agreement to ensure that Goodwin

---

of the judgment of conviction as to Count One.

**2.** Goodwin attempts to avoid this conclusion by arguing that the district court's correction of the judgment to reflect the proper count of conviction necessarily qualifies as a change of sentence because the conviction underlying the original sentence has been eliminated. Where, as here, the punishment called for in the court's original sentence remains unchanged, such a correction of the judgment does not produce a substantive modification of the sentence, as prohibited by Rule 36. *Compare United States v. DeLuca,* 692 F.2d 1277, 1286 (9th Cir.1982) (remanding to district court because failure to sentence defendant on certain counts "appears to have been a clerical error which may be corrected at any time [under Rule 36]") *with United States*

*v. Kaye,* 739 F.2d 488, 490 (9th Cir.1984) ("On remand the district court easily could have included the missing count numbers in [the judgment, pursuant to Rule 36], thus making no substantive change in the prison term which the defendant was to serve. The sentence would then have conformed to the counts on which the defendant had been convicted. . . .").

**3.** Our understanding of "clerical mistakes" for the purpose of Rule 36 is informed by caselaw interpreting "clerical mistakes" in Fed.R.Civ.P. 60(a). *Kaye,* 739 F.2d at 490–91.

**4.** *See also Robi v. Five Platters, Inc.,* 918 F.2d 1439, 1445 (9th Cir.1990); *Blanton,* 813 F.2d at 1577; *Kaye,* 739 F.2d at 490; *Jones & Guerrero Co. v. Sealift Pacific,* 650 F.2d 1072, 1074 (9th Cir.1981) (per curiam).

knowingly pled guilty to Count 2 and that a sufficient factual basis existed to support Goodwin's conviction of knowing and intentional possession with intent to distribute methamphetamine. At the sentencing hearing, Judge Gilliam noted that he had "read and considered the presentence report," and proceeded to refer to specific portions of the report during the hearing. Furthermore, as recognized by the district court, the cover page of the presentence report clearly identified the offense at issue as Count 2, "Possession of Controlled Substance with Intent to Distribute." Finally, the lack of objection from Defendant's counsel at sentencing and the fact that Defendant never appealed the court's judgment provide further evidence indicating that all parties understood Judge Gilliam to be sentencing Goodwin under Count 2. In light of these factors, the district court's finding of clerical error is not clearly erroneous, and therefore, Rule 36 authorized the district court to conform Goodwin's judgment to that indicated by the record.[5]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**5.** Goodwin advances two additional arguments on appeal: (1) that the district court abused its discretion in revoking his supervised release, and (2) that the district court erred in refusing to vacate his conviction. Both of these arguments, however, are premised on the claim that the 1989 sentence was invalid because it had been imposed on a count for which there was no conviction, i.e., Count One. The district court found that, contrary to Goodwin's assertions, the 1989 sentence was based upon Goodwin's Count Two conviction, notwithstanding the erroneous statement by the clerk at the sentencing hearing and the inaccurate judgment signed by Judge Gilliam. Because, as discussed *supra*, we conclude that the district court did not clearly err in this factual finding, Goodwin's remaining arguments are without merit.

