**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY STEVEN MALONE,

Defendant - Appellant.

No. 09-30062

D.C. No. 3:93-cr-00310-ALH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Larry Steven Malone appeals pro se from the district court's order denying

his 18 U.S.C. § 3582(c)(2) motion for modification of sentence and granting his

motion for a corrected judgment.  We have jurisdiction pursuant to 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

AK/Research

§ 1291, and we affirm.

Malone contends that the district court erred in determining that it lacked authority to resentence him pursuant to § 3582(c)(2) because Guidelines Amendment 599, addressing the applicability of weapons enhancements for defendants convicted of § 924(c) violations, applied to him. The district court did not err in denying the motion because the amended judgment reflects that his § 924(c) conviction has been dismissed. In addition, Malone's contentions challenging the district court's drug quantity calculations in the original sentencing are beyond the scope of a § 3582(c)(2) action. *See United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009).

Malone's contention that he was entitled to personally appear and to allocute fails. *See* Fed. R. Crim. P. 43(b)(4); *see also United States v. Carper*, 24 F.3d 1157, 1162 (9th Cir. 1994) (finding the denial of a defendant's right to allocution to be harmless where the district court lacked discretion to impose a sentence shorter than the one already imposed).

Finally, the district court did not err by construing the motion for modification of sentence as also a motion for a corrected judgment, and granting the motion to reflect the dismissal of the § 924(c) count. *See* Fed. R. Crim. P. 36; *see also United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984) (finding it

permissible under under Rule 36 to make a change that conforms the sentence to the term which the record indicates was intended).

**AFFIRMED.**