**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10580 |
| Plaintiff-Appellee, | D.C. No. 4:90-cr-00335-CKJ |
| v. | |
| LOURDES VALENZUELA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Lourdes Valenzuela appeals from the district court's order under Rule 36 of

the Federal Rules of Criminal Procedure amending Valenzuela's 1991 judgment of

conviction to correct a clerical error regarding the statutes of conviction.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Although Valenzuela concedes on appeal that the original judgment cited the incorrect statute for Count 3, he argues that the district court was required to consult the transcript of the oral pronouncement of sentence before amending the judgment. We disagree. The indictment, jury instructions, and jury verdict all demonstrate that Valenzuela was charged with and convicted of a violation of 18 U.S.C. § 2241(a)(1) and (2), rather than 18 U.S.C. § 2244(a), in Count 3. Under these circumstances, the district court did not clearly err in correcting the statute of conviction for Count 3. *See United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (grant of a Rule 36 motion is reviewed for clear error).

Moreover, contrary to Valenzuela's argument, changing the statutory citation for Count 3 from 18 U.S.C. § 2244 to 18 U.S.C. § 2241(a)(1) and (2) does not constitute a substantive change in the judgment because the amendment does not alter the term of Valenzuela's sentence. *See United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984) (Rule 36 permitted amendment to add omitted count numbers but not amendment to increase sentence based on district court's inadvertent failure to impose sentence on omitted counts).

**AFFIRMED.**