NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>TERRY DAVIS,<br><br>        Defendant-Appellant. | No. 16-10378<br><br>D.C. No. 2:15-cr-00298-JCM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Terry Davis appeals from the district court's order denying his motion under

Federal Rule of Criminal Procedure 36 requesting that the court amend the

judgment and record regarding his violation of supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

In his Rule 36 motion, Davis asked the district court to amend the record to clarify that, while he admitted to violating the condition of his supervised release requiring him to maintain lawful employment, he did not admit to all the factual allegations contained in Paragraph 2 of the Petition for Summons for Offender under Supervision concerning that violation. Davis conceded, however, that he "did not present this distinction to the [district court] in such a way that the [c]ourt was able to note this in the record." Furthermore, the judgment itself correctly states that Davis admitted to violating the "maintain employment" condition of his supervised release; it does not contain particular facts that formed the basis of that admission. Under these circumstances, the district court did not clearly err by finding that Davis's requested amendment to the record did not involve a clerical error or error arising from oversight or omission correctable by a Rule 36 motion. *See United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (denial of Rule 36 motion reviewed for clear error); *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984) (Rule 36 applies to clerical errors only).

**AFFIRMED.**

16-10378