**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10107 |
| Plaintiff-Appellee, | D.C. No. 2:98-cr-00431-KJM-CMK-2 |
| v. | |
| JOHN WESLEY JINGLES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

John Wesley Jingles appeals pro se from the district court's order denying his motion to correct the amended judgment under Federal Rule of Criminal Procedure 36.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jingles asserts that the amended judgment contains three clerical errors and argues that the district court erred by declining to correct them. The record reflects, and the government concedes, that the amended judgment incorrectly lists a conviction under 21 U.S.C. § 846 and fails to reflect that the sentencing court waived interest on the imposed fine. The amended judgment further states that the term of supervised release is 60 months, which we conclude is also a clerical error because it does not accurately reflect the lower term imposed on some of the counts of conviction. *See* Fed. R. Crim. P. 36; *United States v. Kaye,* 739 F.2d 488, 490 (9th Cir. 1984) (purpose of Rule 36 is to "conform the sentence to the term which the record indicates was intended"). Assuming without deciding that clerical errors in a judgment are reviewed for harmlessness, we conclude that the government has not met its burden of showing that the clerical errors in the amended judgment are harmless. *See* Fed. R. Crim. P. 52(a); *United States v. Kyle*, 734 F.3d 956, 962 (9th Cir. 2013) (government bears burden of showing harmlessness). We, therefore, remand for the district court to correct the amended judgment.[1]

On page two of the amended judgment, the district court is directed to delete the reference to 21 U.S.C. § 846 and delete the words "conspiracy to," in regard to

---

[1] In light of this disposition, we do not reach Jingles's argument that the district court violated the rule of mandate.

count numbers 21 and 22. On page four of the amended judgment, the district court is directed to amend the term of supervised release to reflect the terms that the sentencing court imposed on each count of conviction during its oral pronouncement of sentence. Finally, on page six of the amended judgment, the district court is directed to amend the criminal monetary penalties to reflect that the interest requirement on the $1,000,000 fine is waived.

**REVERSED and REMANDED with instructions.**