NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 19-50285, 19-50286 |
| Plaintiff-Appellee, | D.C. Nos. 3:13-cr-01354-AJB-1<br>3:16-cr-01332-AJB-3 |
| v. | |
| CYNTHIA LOZANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted January 14, 2021[**]
Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,[***] District Judge.

Cynthia Lozano appeals the district court's order granting the government's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Motion to Clarify Judgment Orders.[1]  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Lozano argues that the judgments' omission that her two sentences were to run consecutively is not a clerical error under Federal Rule of Criminal Procedure 36, but a judicial error under Rule 35 that had to be corrected within fourteen days after sentencing.  *See* Fed. R. Crim. P. 35(a).

"The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant."  *United States v. Munoz–Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974).  "A change made under Fed. R. Crim. P. 36 can do no more than conform the sentence to the term which the record indicates was intended."  *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).

Here, the district court did that and no more by including in the corrected judgments that Lozano's sentences were to be served consecutively.  Although the district judge misspoke and corrected himself several times about the individual sentences, the record unambiguously indicates that he clarified no less than four times that the sentences were to run consecutively or be a total of 175 months.

Lozano argues in the alternative that the imposition of consecutive sentences resulted from an incorrect calculation of the Sentencing Guidelines.  However, as

---

[1]     Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

the government notes, Lozano voluntarily dismissed her appeal of her convictions and sentencing in 2018. Lozano counters that the period for filing an appeal begins anew when "a district court enters an amended judgment that revises legal rights or obligations," "even where the appeal concerns a different matter from that revised by the district court." *See United States v. Doe*, 374 F.3d 851, 853–54 (9th Cir. 2004).

However, as *Doe* makes clear, the amended judgment must "revise[] legal rights or obligations." *Id*. Further, "[i]t is the words pronounced by the judge at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order, that constitute the legal sentence." *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988). Here, the unambiguous sentences pronounced at the sentencing hearing constitute Lozano's legal obligations, and the corrected judgments did not revise those obligations. The district court's clarification of Lozano's judgments is **AFFIRMED.**